

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BETTER HOUSING FOR LONG BEACH; JOANI WEIR, an individual, | No. 20-55373 |
| Plaintiffs-Appellants, | D.C. No. 2:19-cv-08861-CJC-JC |
| v. | |
| GAVIN NEWSOM, in his official capacity as Governor of the State of California, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Cormac J. Carney, District Judge, Presiding

Submitted June 15, 2022**
Pasadena, California

Before: RAWLINSON and CHRISTEN, Circuit Judges, and BENNETT,***
District Judge.

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\*      The Honorable Richard D. Bennett, United States District Judge for the District of Maryland, sitting by designation.

Plaintiffs appeal the district court's order dismissing, pursuant to Federal Rule of Civil Procedure 12(b)(6), their claims challenging California Assembly Bill 1482 (AB 1482)'s housing relocation payment provision. Plaintiffs argue the district court erred by concluding they failed to state a claim that AB 1482 effects a per se taking under the Fifth Amendment's Taking Clause, that it violates the Fifth Amendment by imposing an unconstitutional exaction, and that it violates the Fourth Amendment's Seizure Clause. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm. Because the parties are familiar with the facts, we recite only those necessary to decide this appeal.

1. Plaintiffs argue that AB 1482's relocation assistance provision effects a per se taking because it "directs the owner of a particular piece of property—the rental property being repossessed—to make a monetary payment to his tenant," and this constitutes a taking because the government compels a financial payment tied to a specific, identifiable real property interest. In support of their claim, plaintiffs cite *Koontz v. St. Johns River Water Management District*, 570 U.S. 595, 615 (2013). Defendant counters that plaintiffs' argument disregards case law upholding comparable state landlord-tenant laws as constitutional. In *Ballinger v. City of Oakland*, we recently concluded a city ordinance requiring landlords to pay relocation fees to tenants upon termination of their leases did not constitute a per se

2

taking. 24 F.4th 1287, 1292-94 (9th Cir. 2022). Because AB 1482's relocation assistance provision is nearly indistinguishable from the provision in *Ballinger*, we affirm on this point.

2. Next, plaintiffs contend that they properly stated a claim that AB 1482 violates the unconstitutional conditions doctrine, and therefore violates the Fifth Amendment's Takings Clause. Our court rejected this argument in *Ballinger* and concluded that the relocation payment provision there was not an unconstitutional exaction because the ordinance did not conditionally grant, or regulate the grant of, a government benefit. *Id.* at 1299-1300. We are bound by *Ballinger*, and we affirm.

3. Finally, plaintiffs argue that AB 1482 violates their Fourth Amendment right to be free from unreasonable seizures of property by forcing rental property owners to relinquish a sum of money when they exercise their possessory interest in the property (e.g., by terminating a lease to change the property's use). The district court dismissed this claim on the ground that plaintiffs failed to show "state action," as required for a Fourth Amendment claim. We agree pursuant to our decision in *Ballinger*. *See id.* at 1300 (cleaned up) ("An action by a private party pursuant to a statute, without something more, is not sufficient to justify a characterization of that party as a state actor.").

**AFFIRMED.**